UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEREK THIBODEAU,

                        Petitioner,

-vs-                                          Case No.  6:10-cv-1552-Orl-19DAB
                                                        (6:08-cr-252-Orl-19DAB)

UNITED STATES OF AMERICA,

                        Respondent.
_____

# ORDER

This case comes before the Court on the following:

1.      Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a
        Person in Federal Custody by Petitioner Derek Thibodeau (Doc. No. 1, filed Oct. 18,
        2010); and

2.      Answer in Opposition to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or
        Correct Sentence by a Person in Federal Custody by Respondent United States of
        America (Doc. No. 3, filed Dec. 2, 2010).

## Background

On November 19, 2008, the Grand Jury returned an Indictment charging Petitioner Derek
Thibodeau with eight counts of attempted transmission of obscene material to a minor in violation
of 18 U.S.C. § 1470. (Criminal Case No. 6:08-cr-252-Orl-19DAB, Doc. No. 1.)[1] Petitioner entered
a written Plea Agreement and pled guilty to Counts 1, 3, 4, and 8 of the Indictment.  (Criminal Case
Doc No. 23, filed Dec. 16, 2008.)  The Court accepted the guilty plea, and on July 27, 2009,

_____
[1] Criminal Case No. 6:07-cr-95-Orl-19KRS will be referred to as "Criminal Case."

Judgment was entered sentencing Petitioner to twenty-eight (28) months imprisonment. (Criminal Case Doc. No. 48.) Counts 2, 5, 6, and 7 of the Indictment were dismissed pursuant to the Plea Agreement. (Criminal Case Doc. No. 46, filed July 27, 2009.) Petitioner did not file a direct appeal.

On October 14, 2010, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1.) The Government has filed a response in opposition to the Motion. (Doc. No. 3.)

## Standard of Review

### I.  Relief

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, however, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

### II.  Hearing

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon,

determine the issues and make findings of fact and conclusions of law with respect thereto."  The

Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an

evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'"

*Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483,

1485 (11th Cir. 1989)).  However, "if the record refutes the applicant's factual allegations or

otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."

*Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715

(11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are

"affirmatively contradicted by the record" or "patently frivolous").

## Analysis

As the sole ground for relief in his Section 2255 Motion, Petitioner argues that he is entitled

to jail time credit on his federal sentence from the date he was transferred from state to federal

custody, November 24, 2008, until the date he "went to [state] prison," September 18, 2009.  (Doc.

No. 1 at 4.)  Petitioner's claim for jail time credit is properly raised in a Petition for Writ of Habeas

Corpus under 28 U.S.C. § 2241, not a Motion under 28 U.S.C. § 2255, and Petitioner must exhaust

all administrative remedies with the Bureau of Prisons before seeking jail time credit under Section

2241.  *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (quoting *United States v.*

*Nyhuis*, 211 F.3d 1340, 1355 (11th Cir. 2000)); *see also United States v. Miller*, 871 F.2d 488,

489-90 (4th Cir. 1989) (holding that a claim for jail time credit should be brought under 28 U.S.C.

§ 2241, not 28 U.S.C. § 2255).  Accordingly, the Court construes Petitioner's Section 2255 Motion

as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  *See Castro v. United States*, 540

U.S. 375, 381-82 (2003) (noting that federal courts generally may recharacterize *pro se* filings "to

create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis . . . .").

The Government maintains that even if the Court construes Petitioner's Section 2255 Motion as a Section 2241 Petition, the Petition should be dismissed because Petitioner has not named the proper respondent for challenging his jail time credit calculation.  (Doc. No. 3 at 5.)  In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the United States Supreme Court upheld the longstanding rule that a petitioner's "immediate custodian," generally meaning "the warden of the facility where the prisoner is being held," is the proper respondent to a Section 2241 Petition challenging a prisoner's present physical confinement.  *Id.* at 435.

Citing *Padilla*, the Government argues the warden of the state facility where Petitioner is currently incarcerated, not the United States, is the proper respondent to Petitioner's Section 2241 claim for jail time credit.  (Doc. No. 3 at 5.)  Finding no contrary authority, the Court agrees with the Government.  *See Walther v. Bauknecht*, 155 F. App'x 463, 464 (11th Cir. 2005) ("Since the proper party respondent to a § 2241 habeas corpus petition is the custodian of the prisoner, [the petitioner] properly named [the warden of his place of incarceration] as respondent in his petition."). Therefore, Petitioner's Motion naming the United States as the sole respondent is deficient.  (Doc. No. 1 at 1.)

The Government also asserts that "Petitioner has improperly requested relief in a forum lacking jurisdiction given his current place of incarceration." (Doc. No. 3 at 5.)  The Court disagrees that it lacks jurisdiction for this reason but finds that this case is filed in the wrong division of this Court.  Because Petitioner is currently incarcerated in the Marion Correctional Institution, a facility located in the Middle District of Florida, his Section 2241 Petition is properly filed in this judicial

district.  *See Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."); *accord* 28 U.S.C. § 2241(d).  However, pursuant to Local Rule 1.02, if Petitioner files an Amended Petition which comports with this Order and he remains incarcerated in Marion County, Florida, then this case will be transferred to the Ocala Division of the Middle District of Florida, as the Marion Correctional Institution is located in Lowell, Marion County, Florida.

In addition to Petitioner's failure to name the proper respondent to his Motion and failure to file his Motion in the proper Division of this Court, Petitioner does not allege any facts or produce any evidence showing that he has exhausted all administrative remedies with the Bureau of Prisons. Because the exhaustion of administrative remedies is jurisdictional, Petitioner's failure to allege or show exhaustion of administrative remedies requires the court to dismiss Petitioner's motion without addressing the merits of Petitioner's claim for jail time credit.  *See United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990) (holding that the failure to exhaust administrative remedies with the Bureau of Prisons in challenging the calculation of custody credits is jurisdictional and vacating the district court's denial of the petition on the merits with instructions that the petition should be dismissed); *but see Scruggs v. Adkinson*, No. 09-21770-Civ, 2010 WL 2471425, at *2 (S.D. Fla. May 25, 2010) (rejecting Petitioner's claim for jail time credit on the merits notwithstanding the absence of evidence in the record showing that petitioner exhausted all administrative remedies).

### Conclusion

Based on the foregoing, it is **ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody by Petitioner Derek Thibodeau (Doc. No. 1) is **DISMISSED without prejudice**.  Petitioner may file within thirty (30)

days from the date of this Order a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

naming the proper respondent and attaching proof of exhaustion of all administrative remedies with

the Bureau of Prisons.  If Petitioner does not file an Amended Petition pursuant to this Order, the

case will be **DISMISSED without prejudice** to reassertion upon exhaustion of all administrative

remedies.[2]

   **DONE** and **ORDERED** in Chambers in Orlando, Florida on December 13, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Derek Thibodeau

---

[3] Petitioner is not entitled to a certificate of appealability. A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in this case.